USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/28/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
KIRSTEN SCHATZ, et al., :
:
                     Plaintiffs, :      10-CV-5414 (JMF)
:
     -v- :      MEMORANDUM OPINION
:      AND ORDER
CELLCO PARTNERSHIP, :
:
                     Defendant. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Plaintiffs Kirsten Schatz and Patrick Witty ("Petitioners") filed a putative class action complaint in 2010 against Defendant Cellco Partnership, d/b/a Verizon Wireless ("Respondent"), seeking to recover damages for breach of contract and violation of consumer protection laws. Following years of arbitration and litigation in federal and state court, the assigned arbitrator ultimately denied Petitioners' claims in their entirety. Petitioners now seek a partial vacatur of the arbitration award, to the extent that it denies their request for attorneys' fees and costs. Respondent, in turn, moves to confirm the award in its entirety, and for sanctions pursuant to Title 28, United States Code, Section 1927, contending that Petitioners' claims are entirely meritless and made for an improper purpose. For the following reasons, Petitioners' motion is DENIED, Respondent's motion to confirm the award is GRANTED, and Respondent's motion for sanctions is DENIED.

## BACKGROUND

       The underlying dispute in this case involves whether Respondent was required to notify Petitioners and similar Verizon customers of a newly introduced phone plan that, at $69.99 per month, was less expensive than their existing plans. (*See* Am. Compl. (Docket No. 10); Mem.

Supp. Resp't's Cross-Mot. To Confirm Arbitration Award (Docket No. 69) ("Resp't's Mem.") 2-4).  Petitioners filed a putative class action complaint in this Court on July 15, 2010.  (Docket No. 1).  In 2011, the Honorable Richard J. Holwell, United States District Judge, to whom the case was originally assigned, granted Respondent's motion to stay the case and compel arbitration.  (*See* Docket Nos. 23, 35).  Thereafter, Petitioners filed a Demand for Arbitration with the American Arbitration Association on June 13, 2013, and Respondent moved to enjoin the arbitration in New York state court, contending that the class allegations therein violated the arbitration agreement.  (*See* Mem. Law Supp. Pet'rs' Mot. To Partially Vacate Arbitration Award (Docket No. 61) ("Pet'rs' Mem.") 5-6; Resp't's Mem. 5-6).  Petitioners returned to this Court to seek an order compelling arbitration, which was granted on May 30, 2014.  (*See* Docket Nos. 56-58).  Respondent then dismissed the state court action, and the parties proceeded to arbitration.  (*See* Pet'rs' Mem. 5-6; Resp't's Mem. 6).

      The arbitration proceeded in two phases.  First, the arbitrator held in a January 25, 2015 decision that Petitioners could not pursue claims for "general injunctive relief" on behalf of absent class members.  (*See* Pet'rs' Mem. 6-7; Resp't's Mem. 7; Decl. William R. Weinstein Supp. Pet'rs' Mot. To Partially Vacate Arbitration Award (Docket No. 62) ("Weinstein Decl."), Ex. 3).  Second, in a July 8, 2015 decision (the "Award"), the arbitrator denied Petitioners' individual claims for breach of contract and violation of New York General Business Law Section 349 on their merits.  (*See* Pet'rs' Mem. 7-8; Resp't's Mem. 7-8; Weinstein Decl., Ex. 4).

      The Award also rejected Petitioners' argument that they were entitled to attorneys' fees in connection with both the arbitration and, most relevant here, the state and federal court proceedings. (Weinstein Decl., Ex. 4, at 3).  (Petitioners had argued that the latter were due because Respondent had breached the arbitration agreement by moving to stay the arbitration in bad faith.  (*See id.*, Exs. 4, 6).)  Specifically, the arbitrator stated as follows:

2

> [Petitioners] seek an award of costs and attorneys' fees for services related to this arbitration. This is denied for the following reasons:
>
> 1. [Petitioners] lost every claim asserted in this arbitration. In such circumstances, they cannot recover costs and attorneys' fees.
>
> 2. The great bulk of costs and attorneys' fees which [Petitioners] seek to collect relates to actions in court which related to this arbitration, but were not before this Arbitrator. If [Petitioners] believe they are entitled to costs and attorney' fees for litigating in those fora, they should have asked the judges presiding in those proceedings (not this Arbitrator) for such costs and fees.

(*Id.*, Ex. 4, at 3). The arbitrator then summarized his holdings, stating, to the extent relevant here, that "[a]ll of [Petitioner's] claims are denied and dismissed with prejudice in their entirety"; that the Award was "in full settlement of all claims and counterclaims submitted" in the arbitration; and that "[a]ll claims not expressly granted herein are hereby, denied." (*Id.*).[1]

On October 8, 2015, Petitioners filed a motion asking this Court to vacate the Award with respect to its denial of attorneys' fees. (Docket No. 60). After the Court determined that it could retain jurisdiction over any motion to confirm or vacate the Award, Respondent filed its cross-motion to confirm the Award on November 9, 2015. (Docket Nos. 64, 68).

## DISCUSSION

It is well established that "[a]rbitration awards are subject to very limited review" in federal court. *Rich v. Spartis*, 516 F.3d 75, 81 (2d Cir. 2008) (internal quotation marks omitted). Specifically, under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, a reviewing court must confirm an arbitration award unless one of several narrow grounds for vacatur or modification is satisfied. *See* 9 U.S.C. §§ 9-11; *STMicroelectronics, N.V. v. Credit Suisse Secs. (USA) LLC*, 648 F.3d 68, 74 (2d Cir. 2011). The "'party moving to vacate an arbitration award

---

[1] The arbitrator later adjusted the portion of the Award relating to the division of his fees between the parties, but that is not at issue here. (*See* Pet'rs' Mem. 8-9; Resp't's Mem. 8 n.2).

3

has the burden of proof, and the showing required to avoid confirmation is very high.'" *Id.* (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006)). Additionally, "[t]he arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair & Co.*, 462 F.3d at 110 (internal quotation marks omitted); *see also Jock v. Sterling Jewelers Inc.*, 646 F.3d 113, 125 (2d Cir. 2011) (noting the "substantial deference . . . accorded to an arbitrator's decision that is rendered within the authority given her by the parties and under law" (internal quotation marks omitted)); *Southerndown, Inc. v. HSS LLC*, No. 11-CV-8619 (TPG), 2012 WL 265987, at *1 (S.D.N.Y. Jan. 27, 2012) ("[T]he court should defer to the arbitrator's decision so long as there is a barely colorable justification for it" (internal quotation marks omitted)). Ultimately, these limits are intended "to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Rich*, 516 F.3d at 81 (internal quotation marks omitted).

In this case, Petitioners rely exclusively on Section 10(a)(4) of the FAA, which permits a court to vacate an award "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). Under that provision, "lack of finality can support a decision to vacate an arbitration award." *Rocket Jewelry Box Inc. v. Noble Gift Packaging, Inc.*, 157 F.3d 174, 175 (2d Cir. 1998) (per curiam). "[A]n arbitration award, to be final, must resolve all the issues submitted to arbitration, and . . . it must resolve them definitively enough so that the rights and obligations of the two parties, with respect to the issues submitted, do not stand in need of further adjudication." *Id.* at 176 (emphasis omitted). Significantly, the inquiry under Section 10(a)(4) focuses on "'whether the arbitrators had the power, based on the parties' submissions or the arbitration agreement, to reach a certain issue'" — and whether the arbitrators revolved that

4

issue in a final award — "'*not whether the arbitrators correctly decided*'" the issue.  *Jock*, 646 F.3d at 122-23 (quoting *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 824 (2d Cir. 1997)).  The Second Circuit has cautioned that where, as here, "the challenge is to an award deciding a question which all concede to have been properly submitted to the arbitrator in the first instance, vacatur under the excess-of-powers standard is appropriate only in the narrowest of circumstances."  *Am. Postal Workers Union, AFL–CIO v. U.S. Postal Serv.*, 754 F.3d 109, 113 (2d Cir. 2014) (brackets and internal quotation marks omitted) (footnote omitted).

Those circumstances are not present here.  Petitioners' sole contention is that the arbitrator's Award was not "final" with respect to the issue of attorney's fees and costs associated with litigation in state and federal court because the arbitrator "fail[ed] to decide" that issue.  (Pet'rs' Mem. 10-11; Reply Mem. Law Further Supp. Pet'rs' Mot. To Partially Vacate Arbitration Award (Docket No. 71) ("Pet'rs' Reply") 8-9, 13).  Specifically, Petitioners seize on the arbitrator's second reason for denial of fees and costs — that, if Petitioners had believed that they were entitled to attorney's fees and costs "for litigating in those fora, they should have asked the judges presiding in those proceedings (not this Arbitrator) for such costs and fees" — as evidence that the arbitrator "did not decide" the issue.  (Pls. Mem. 10-11).  But that argument ignores the fact that the arbitrator "denied" Petitioners' request for fees and costs for another "reason[]" — because they had "lost every claim asserted" in the arbitration.  (Weinstein Decl., Ex. 4, at 3).  It also ignores the Award's conclusion, which explicitly states that "[*a*]*ll* of [Petitioner's] claims are denied and dismissed with prejudice in their entirety"; that the Award was "in *full settlement* of *all* claims and counterclaims submitted" in the arbitration; and that "[*a*]*ll* claims not expressly granted herein are hereby, denied."  (*Id.* (emphasis added)).  Such language leaves no doubt that the arbitrator fully and finally resolved Petitioners' claim for attorney's fees and costs.  *See, e.g.*, *Offshore Expl. & Prod., LLC v. Morgan Stanley Private*

5

*Bank, N.A.*, 626 F. App'x 303, 307 (2d Cir. 2015) (summary order) (holding that an arbitration award which "declined to issue further rulings or awards in response to [the claimant's] Petition" was "most reasonably construed as a rejection" of that Petition's argument in favor of a further ruling, *not* as an incomplete award (alterations and internal quotation marks omitted)); *Goldman v. Architectural Iron Co.*, No. 01-CV-8875 (DLC), 2001 WL 1705117, at *4 (S.D.N.Y. Jan. 15, 2001) (holding that an award stating that "'[a]ll claims not expressly granted herein are hereby, denied'" was a final award because "the Arbitrator has finally decided the substantive claims presented to him").  As that is Petitioners' sole basis for vacating the Award, Petitioners' motion is therefore DENIED.[2]

Petitioners do not ask that the remainder of the Award be vacated or otherwise oppose Respondent's cross-motion to confirm the Award.  (*See* Pet'rs' Mem. 7 n.3, 9-10; Pet'rs' Reply 13).  Notwithstanding Petitioners' lack of opposition, the Court must treat Respondent's cross-motion "as akin to a motion for summary judgment based on the movant's submissions." *Trustees for Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. Capstone Constr. Corp.*, 11-CV-1715 (JMF), 2013 WL 1703578, at *2 (S.D.N.Y. Apr. 19, 2013) (discussing in depth the legal standards for resolving unopposed petitions to confirm arbitration awards).  After reviewing the petition and the supporting materials, the Court finds that there is no genuine issue of material fact precluding summary judgment as to all portions of the Award, as the arbitrator's decision provides more than "a barely colorable justification for the outcome reached." *Id.* at *3 (internal quotation marks omitted).  Nor is there any other justification under Section 10(a) of the FAA or binding case law

---

[2] In light of the fact that Petitioner's argument fails on the merits, the Court need not and does not address Respondent's argument that Petitioners' motion to vacate was untimely.  (*See* Resp't's Mem. 9-12).

for vacating the Award. Accordingly, Respondent's cross-motion to confirm the entire Award is GRANTED.

Finally, Respondent requests that the Court impose sanctions on Petitioners' counsel pursuant to Title 28, United States Code, Section 1927, contending that Petitioners' motion to vacate the arbitration award is meritless and was made in bad faith. (*See* Resp't's Mem. 17-19). "An award under § 1927 is proper when the attorney's actions are *so completely without merit* as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 79 (2d Cir. 2000) (internal quotation marks omitted). Although the Court ultimately found Petitioners' arguments to be unpersuasive, it cannot say that they are "*so completely without merit* as to require the conclusion that they must have been undertaken for some improper purpose." *Id.* Accordingly, Respondent's motion for sanctions is DENIED.

## CONCLUSION

For the foregoing reasons, Petitioners' motion to vacate the Award is DENIED, Respondent's cross-motion to confirm the Award is GRANTED, and Respondent's motion for sanctions is DENIED. Respondent is directed to submit a proposed Judgment consistent with this Memorandum Opinion and Order to the Orders and Judgments Clerk of this Court within **three days**. The Clerk of Court is directed to terminate Docket Nos. 60 and 68.

SO ORDERED.

Date: April 28, 2016
      New York, New York

                                          _____
                                          JESSE M. FURMAN
                                          United States District Judge